■ In the Matter of DEBBIE SORANO, Petitioner, v ALAN G. HEVESI, as State Comptroller, et al., Respondents. [833 NYS2d 282]—

Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which, inter alia, denied petitioner's application for performance of duty disability retirement benefits.

Petitioner, a police officer for the City of Yonkers in Westchester County, filed an application for performance of duty disability retirement benefits referencing a January 18, 2001 incident. Her application was denied on the basis that she failed to provide the requisite written notice of the alleged incident and her injuries (*see* Retirement and Social Security Law § 363-c [e] [a]). Pursuant to this CPLR article 78 proceeding seeking to annul that determination, petitioner contends that her failure to comply with the written notice mandate should have been excused for good cause (*see* Retirement and Social Security Law § 363-c [e] [b] [3]; 2 NYCRR 331.2 [b]). We disagree and confirm.

In order for petitioner to have received the benefit of the good cause exception, it was incumbent upon her to demonstrate that, within 30 days of the date of the incident, she filed with her employer a written notice, signed by her or someone on her behalf, "setting forth the particulars of the time, place, nature and cause of the accident and the nature of the injury" (2 NYCRR 331.2 [b]). Alleging that she satisfied that requirement, petitioner relied on two medical reports submitted to her employer within the relevant 30 days, one from her treating psychiatrist and one from a doctor working for her employer. Neither of those reports, however, made any mention of a January 18, 2001 incident, much less set forth any of the specifics concerning the time, place, nature or cause thereof (*see* 2 NYCRR 331.2 [b]). Accordingly, we find that the determination denying petitioner's application for performance of duty disability retirement benefits for failure to provide the necessary written notice is supported by substantial evidence and will not be disturbed.

Cardona, P.J., Mercure and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.